HALL, Judge.
Vernon Rochester challenges the order denying his supplemental petition for modification and relief from the final judgment of dissolution of his marriage to Audrey Rochester. We affirm.
In his petition, Vernon sought modification of the permanent periodic alimony provision of the final judgment of dissolution. The trial judge properly denied Vernon’s petition because the source of the alimony payments was a substantial marital asset, Vernon’s retirement benefits. In Diffen-derfer v. Diffenderfer, 491 So.2d 265, 268 (Fla.1986), the supreme court recognized that “often a lack of sufficient offsetting assets or other circumstances may leave the court with little option but to utilize the pension benefits in calculating permanent periodic or rehabilitative alimony.” This case presents just such a situation. If the judge had modified the amount of alimony, he would have improperly eroded Audrey’s entitlement to a share of a substantial marital asset accumulated over a forty-year marriage.
Accordingly, we affirm the order denying Vernon’s petition. We do not reach Vernon’s fourth issue regarding liability for the promissory note as that issue appears to be pending in the trial court.
Affirmed.
DANAHY, A.C.J., and PATTERSON, J., concur.